UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher Gilmore,<br><br>Petitioner,<br><br>v.<br><br>Martin County Sheriff Dept; Sedgwick County Sheriff Dept Sedgwick County Board of Commissioners; Kansas Secretary of Aging and Disabilities; and Multiple Other Defendants, et al.,<br><br>Respondents. | Case No. 22-cv-2443 (MJD/TNL)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Christopher Gilmore, a prisoner currently detained in a county jail in Kansas who is awaiting trial on criminal charges in the state courts of Kansas, has filed a procedurally ambiguous document labeled as a "Petition for Writ of Habeus [sic] Corpus 28 USC 1455 Motion and Petition for Removal Proceedings." *See* ECF No. 1 at 1. Because neither a petition for a writ of habeas corpus nor a motion for removal of the Kansas criminal proceedings may be brought in this District by Gilmore, it is recommended that this matter be summarily dismissed.

First, with respect to the request for removal of the criminal proceedings: A notice of removal relocating criminal proceedings from state court to federal court must be filed "in the district court of the United States for the district and division within which such prosecution is pending . . . ." 28 U.S.C. § 1455(a). The federal judicial district within which Gilmore's state-court criminal proceedings are pending is the District of Kansas, not

1

this District. To the extent that Gilmore's criminal proceedings can be removed from state court to federal court at all — which appears doubtful, see *Minnesota v. Siruk*, No. 20-CV-0191 (PAM/HB), 2020 WL 5362639, at *2 (D. Minn. Sept. 8, 2020) (examining circumstances in which removal of criminal proceedings is available to defendants) — those proceedings may be removed only to the United States District Court for the District of Kansas.

Second, with respect to the request for habeas corpus relief: "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973). For that reason, the proper venue for filing a habeas petition is generally the judicial district in which the prisoner is detained (and in which the prisoner's jailor, the proper respondent to the action, is located).[1] *See, e.g.*, *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009) ("[T]he proper venue for filing a [habeas] petition is the district in which the prisoner is confined."). For Gilmore, this, again, is the District of Kansas. Insofar as Gilmore can seek federal habeas corpus relief from his ongoing state-court criminal proceedings at all, that relief may come only from the District of Kansas, not this Court.

---

[1] Gilmore does name the Sheriff's Department of Martin County, Minnesota as a respondent to this action, *see* ECF No. 1 at 1, and that respondent is located within this District. But that respondent is not Gilmore's jailor, as Gilmore has been in the custody of Sedgwick County, Kansas since 2020. *See id*. Because the Martin County Sheriff's Department is not responsible for Gilmore's ongoing detention, this Court could not effectuate Gilmore's release through issuance of a writ of habeas corpus directed at that entity or any person associated with that entity.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Gilmore has already initiated substantially similar proceedings in the District of Kansas, *see Gilmore v. Board of County Commissioners, Sedgwick County, Kansas*, No. 5:22-CV-3230 (JWL/JPO) (D. Kan. filed Oct. 5, 2022), and the transfer of a second, duplicative action to that venue would not further the interests of justice in any respect. Accordingly, it is recommended that this matter be summarily dismissed without prejudice pursuant to § 1406(a).

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1406(a).


Dated: October__12__, 2022            _____*s/ Tony N. Leung*_____
                                     Tony N. Leung
                                     United States Magistrate Judge
                                     District of Minnesota


                                     *Gilmore v. Martin County Sheriff Dept et al.*
                                     Case No. 22-cv-2443 (MJD/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).